UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ROBERT CARLYLE,

                        Plaintiff,

       v.

AKORN, INC., JOHN N. KAPOOR, KENNETH S.
ABRAMOWITZ, ADRIENNE L. GRAVES,
RONALD M. JOHNSON, STEVEN J. MEYER,
TERRY A. RAPPUHN, BRIAN TAMBI, and ALAN
WEINSTEIN,

                       Defendants.

3:17-cv-00389-JJB-EWD

**MEMORANDUM IN SUPPORT OF AKORN DEFENDANTS'
EXPEDITED MOTION FOR CHANGE OF VENUE
PURSUANT TO 28 U.S.C. § 1404(a)**

Defendants John N. Kapoor, Kenneth S. Abramowitz, Adrienne L. Graves,
Ronald M. Johnson, Steven J. Meyer, Terry A. Rappuhn, Brian Tambi and Alan
Weinstein ("Akorn Individual Defendants"), and Akorn Inc. ("Akorn", and together, with
the Akorn Individual Defendants, the "Akorn Defendants"), submit this Memorandum of
facts and law in support of their Motion for Change of Venue Pursuant to 28 U.S.C.
§ 1404(a). The Akorn Defendants will respectfully show this Court that said motion
should be granted, and an order transferring the above-captioned action (the "Action") to
the United States District Court for the Northern District of Illinois should issue.

**PRELIMINARY STATEMENT**

There are seven pending civil actions concerning the proposed merger of
Akorn and a subsidiary of Fresenius Kabi AG ("Fresenius"). Two of these actions assert
state law claims and are pending in the Circuit Court of Cook County, Illinois. There are
five, substantially similar actions asserting federal securities law claims challenging the

proxy statement disclosures relating to the proposed merger. Defendants previously moved to change the venue of four of the actions that were pending in this District to the Northern District of Illinois, where the other federal action—this one—was previously pending. Days after Defendants' Motion was filed, however, Plaintiff voluntarily dismissed his case in the Northern District of Illinois and re-filed a substantially similar complaint, asserting the same claims, in this District. He did so in coordination with counsel for plaintiffs in two of the prior actions in this District, who now represent him here as well.

Plaintiff's tactical dismissal does not change the fact that the Northern District of Illinois is by far the most convenient forum for the parties and witnesses. That District, and not this one, is where both Akorn and Fresenius have their corporate headquarters, where Akorn senior management prepared the Proxy Statement at issue, where relevant evidence is located and where three of the Individual Defendants reside. The sole connection between the Action and this District is that Akorn and a Fresenius subsidiary formed solely to complete the merger are incorporated in Louisiana. Otherwise, none of the parties, witnesses or evidence in the Action is located in or has any connection to Louisiana.

Pursuant to 28 U.S.C. § 1404(a) and "[f]or the convenience of parties and witnesses, in the interest of justice", this Action—along with the prior four actions—should be transferred to the Northern District of Illinois.

## BACKGROUND

Defendant Akorn is a specialty generic pharmaceutical company founded and for historical reasons incorporated in Louisiana. (Ex. E[1], at 1; Decl.[2] ¶ 3.) Since 1997, Akorn's headquarters have been in Illinois, and for many years they have been located in Lake Forest, Illinois, near Chicago, in the Northern District of Illinois. (Ex. E, at 1; Decl. ¶ 3.) Akorn also maintains corporate offices outside of Illinois, but it has no offices, manufacturing facilities, R&D facilities, distribution centers or personnel in Louisiana. (Decl. ¶ 4.)

The Akorn Individual Defendants are the eight members of Akorn's Board of Directors (the "Akorn Directors"). None of the Akorn Individual Defendants reside in Louisiana; three of them reside in the Northern District of Illinois. (Decl. ¶ 7.)

Fresenius is a German stock corporation, with U.S. headquarters in Lake Zurich, Illinois. (Ex. E, at 1; Decl. ¶ 9.) Quercus Acquisition, Inc. ("Quercus") is a Louisiana corporation and a wholly owned subsidiary of Fresenius formed solely to complete the merger. (Decl. ¶ 11.) Upon the consummation of the merger, Quercus will cease to exist. (Ex. E, at 2; Decl. ¶ 11.) Quercus's principal executive office is located in Lake Zurich, Illinois. (Decl. ¶ 11.)

Plaintiff is a purported holder of Akorn stock. (Compl. ¶ 1.) His Complaint does not allege that he resides in Louisiana, despite the fact that his counsel

---

[1] "Ex." refers to Exhibits to the Declaration of Alexander N. Breckinridge, V In Support of Akorn Defendants' Expedited Motion For Change of Venue Pursuant To 28 U.S.C. § 1404(a), dated June 21, 2017.

[2] "Decl." refers to the Declaration of Joseph Bonaccorsi, dated June 21, 2017.

were presumably eager to identify any connection between this Action and Louisiana, in light of the Akorn Defendants' request to change venue to Illinois.

Akorn and Fresenius entered into a merger agreement, dated April 24, 2017, pursuant to which Quercus would be merged with and into Akorn and Akorn will become a subsidiary of Fresenius (the "Proposed Merger"). (Ex. E, at 2.) After the Proposed Merger was announced, on May 2 and May 16, 2017, two lawsuits were commenced in the Circuit Court of Cook County, Illinois, both alleging that the Akorn Directors breached their fiduciary duties by agreeing to enter into the merger agreement. *Shannon v. Fresenius, et al.*, No. 2017-CH-06322; *Ochoa v. Kapoor, et al.*, No. 2017-CH-06928. (Exs. B & C.)

In connection with the Proposed Merger, on May 22, 2017, Akorn filed a Preliminary Proxy Statement with the SEC. Subsequently, five purported shareholders of Akorn commenced substantially similar actions alleging that the Preliminary Proxy Statement omits material information concerning the Proposed Merger in violation of provisions of the Securities Exchange Act of 1934. Four of them were originally filed in this Court:

- *Robert Berg v. Akorn, Inc., et al.*, Case No. 3:17-cv-00350-BAJ-RLB (the "Berg Action"), filed June 2, 2017;

- *Jose Alcarez v. Akorn Inc., et al.*, Case No. 3:17-cv-00359-BAJ-RLB (the "Alcarez Action"), filed June 7, 2017;

- *Shaun A. House v. Akorn, Inc., et al.*, Case No. 3:17-cv-00367-BAJ-EWD (the "House Action"), filed June 12, 2017; and

- *Sean Harris v. Akorn, Inc., et al.*, Case No. 3:17-cv-00373-JWD-RLB (the "Harris Action"), filed June 14, 2017.

On June 13, 2017, Plaintiff, a purported shareholder of Akorn, filed an action in the United States District Court for the Northern District of Illinois, captioned *Robert Carlyle v. Akorn, Inc., et al.*, Case No. 1:17-cv-04455 (the "Illinois Action"). On June 15, the Akorn Defendants filed a motion to change the venue of the four actions filed in this District to the Northern District of Illinois. Fresenius and Quercus, named as Defendants in the Berg Action, joined that motion. On June 20, Plaintiff filed a voluntary dismissal of the Illinois Action (Ex. F) and, later that day, refiled a similar Complaint containing the same claims in this District.

All the federal Actions allege that Akorn and the Akorn Directors violated Section 14(a) of the Securities Exchange Act and that they violated Section 20(a) of that Act. All five actions seek, among other things, to enjoin the Proposed Merger or damages.

On June 15, 2017, Akorn filed a Definitive Proxy Statement with the SEC. The Definitive Proxy Statement announced a special meeting of shareholders to vote on the Proposed Merger on July 19, 2017 in Lake Forest, Illinois. (Ex. E, at 1.)

## ARGUMENT

### I.    The Venue of This Action Should Be Changed to the Northern District of Illinois.

A district court should exercise its "broad discretion" to change the venue of an action for the convenience of parties and witnesses. *Balawajder v. Scott,* 160 F.3d 1066, 1067 (5th Cir. 1998) (per curiam). A defendant seeking to change venue need not demonstrate the "heavy burden traditionally imposed upon defendants by the *forum non*

*conveniens* doctrine". *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 314 (5th Cir. 2008) (en banc) (emphasis omitted). Rather, 28 U.S.C. § 1404(a) "requires only that the transfer be '[f]or the convenience of the parties, in the interest of justice.'" *Id.* (alteration in original). Provided the action a party seeks to transfer could have been brought in the proposed district, change of venue is proper upon a showing of "good cause" after a weighing of private and public interest factors. *Vivint Louisiana, LLC v. City of Shreveport*, 14-00617-BAJ-RLB, 2015 WL 1456216, at *3 (M.D. La. Mar. 23, 2015). Here, those factors weigh in favor of changing venue to the Northern District of Illinois.

### A. The Action "Might Have Been Brought" in the Northern District of Illinois.

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *Burton v. Travelers Ins. Co.*, No. 16-00417-BAJ-EWD, 2017 WL 390585, at *3 (M.D. La. Jan. 27, 2017) (quoting *In re Volkswagen of Am., Inc.,* 545 F.3d at 304). There can be no dispute that the Action could properly have been brought in the Northern District of Illinois:

- The U.S. District Court for the Northern District of Illinois has subject matter jurisdiction to hear the federal securities claims alleged in the Action. 15 U.S.C. § 78aa; 28 U.S.C. § 1331.

- Akorn has its corporate headquarters in Illinois. Accordingly, it will be subject to personal jurisdiction there. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction'." (alterations in original) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Further, three of the

6

Akorn Individual Defendants reside in Illinois, and all of the Akorn Individual

Defendants acknowledge that they are subject to personal jurisdiction in

Illinois with respect to this litigation.

- For similar reasons, venue would be proper in the Northern District of Illinois.
  *See* 28 U.S.C. § 1391(b)(2), (b)(3), (d).

## B. The Private Interest Factors Favor Change of Venue.

In evaluating whether transfer would advance convenience of the parties

and witnesses, the Court must consider "private interest factors", which are "(1) the

relative ease of access to sources of proof; (2) the availability of compulsory process to

secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and

(4) all other practical problems that make trial of a case easy, expeditious and

inexpensive." *In re Volkswagen of Am.,* 545 F.3d at 315. Here, all of these factors weigh

in favor of a change of venue.

*First*, the sources of proof are located in the Northern District of Illinois,

not in this District. (Decl. ¶ 13.) Most potential witnesses, including Akorn senior

management and three of the eight Akorn Individual Defendants, reside or work in the

Northern District of Illinois. (Decl. ¶ 7.) *See In re Volkswagen of Am.,* 545 F.3d at 316.

Moreover, much of the relevant documentary evidence is located in or readily accessible

from Akorn's and Fresenius's U.S. headquarters in Illinois. *See Evolutionary*

*Intelligence, LLC v. Apple, Inc.*, No. 6:12-cv-00783, 2013 WL 8360309, at *4 (E.D. Tex.

Aug. 27, 2013) ("Presumably the bulk of discovery material relating to a corporate party

is located at the corporate headquarters."); *In re Volkswagen of Am.*, 545 F.3d at 316

("All of the documents and physical evidence . . . are located in [transferee district] . . . .

7

which weigh[s] in favor of transfer"). By contrast, there are no sources of proof located or easily accessible in this District. Not a single potential witness resides in this District, nor is any of the documentary or physical evidence located here.

The actions "giving rise to [this] litigation" occurred in the Northern District of Illinois. *See Who Dat?, Inc. v. NFL Props., LLC*, No. 10-154-BAJ-CN, 2010 WL 3023522, at *3 (M.D. La. July 30, 2010). This Action concerns purported omissions from the Proxy Statement, which Akorn senior management participated in preparing at its Illinois headquarters. The Proxy Statement was not drafted, considered or approved in this District. (Decl. ¶ 12.)

The mere fact that Akorn and Quercus are incorporated in Louisiana will not make it more convenient for any party to litigate in this District, and that fact is therefore entitled to little weight. *See In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223-24 (Fed. Cir. 2011) (holding that a district court's "heavy reliance" on a party's place of incorporation was "inappropriate" and that it is "certainly not a dispositive fact in the venue transfer analysis"); *see also Koster v. (Am.) Lumbermans Mut. Cas. Co.*, 330 U.S. 518, 527-28 (1947) ("Under modern conditions corporations often obtain their charters from states where they do no more than maintain an agent to comply with local requirements, while every other activity is conducted far from the chartering state. Place of corporate domicile in such circumstances might be entitled to little consideration under the doctrine of *forum non conveniens*, which resists formalization and looks to the realities that make for doing justice.").

As the "overwhelming majority" of the events cited as "giving rise to litigation" and the "majority" of witnesses and evidence are located in the Northern

8

District of Illinois, the first factor weighs strongly in favor of transfer. *Who Dat?, Inc.*, 2010 WL 3023522, at *3.

*Second*, it is doubtful this Court could use compulsory process to secure the attendance of potential non-party witnesses at trial. *See* Fed R. Civ. P. 45(c)(1). None of the Akorn employees involved in negotiating or approving the Proposed Merger or in preparing the proxy statement at issue resides or works in Louisiana or within 100 miles of this District. (Decl. ¶¶ 6-7, 12.) And Fresenius does not list any Louisiana locations on its website. (Decl. ¶¶ 9-10.) On the other hand, potential witnesses reside or work in the Northern District of Illinois, and that court will have the power to compel their attendance at trial.

*Third*, even if this Court could secure the attendance of witnesses or if witnesses attended voluntarily, the cost of their attendance in this District will be significantly higher than in the Northern District of Illinois. This Court may take judicial notice of the fact that the Everett M. Dirksen United States Courthouse (serving the Northern District of Illinois, Eastern Division) is only 35 miles from Akorn's headquarters, but this Court is approximately 945 miles away. *See In re Volkswagen of Am.*, 545 F.3d at 317 ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.").

*Fourth*, because the evidence, witnesses, parties and claims in this Action will substantially overlap with those in the litigation challenging the Proposed Merger in Illinois state court, it will be even more inconvenient and costly for the same Defendants

9

and the same witnesses to have to litigate closely-related claims in a federal forum far away from Illinois.[3]

Because "[n]one of the witnesses are situated in the Middle District, nor did the events, acts, or omissions relevant to the case occur in the Middle District", the "private factors weigh heavily in favor of transferring the case". *Burton*, 2017 WL 390585, at *4.

### C. The Public Interest Factors Favor Change of Venue.

To determine that transfer would be "in the interest of justice", the Court must consider "public interest factors": "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re Volkswagen of Am.*, 545 F.3d at 315 (alteration in original). These factors also weigh in favor of transfer or are neutral.

*First*, because there is no reason to believe that trying the Action would present administrative difficulties for the Northern District of Illinois, this factor is neutral. *Vivint Louisiana*, 2015 WL 1456216, at *4 n.2 (declining to "weigh in on this factor" where court had "no independent knowledge of the docket congestion" among the two possible venues and noting that "courts in this circuit have consistently held that

---

[3] Indeed, in order to avoid the burdens and inconvenience to Akorn and its directors of having to litigate such issues in multiple and/or distant courts, Akorn adopted a by-law providing that the sole and exclusive forum for certain legal actions involving the Company, including those alleging breach of fiduciary duty claims, shall be the Circuit Court of Cook County, Chancery Division. (Ex. A.)

when no party provides evidence to show that this factor should be heavily considered by the court prior to transferring the case to another district, this factor is neutral").

        *Second*, the preference for having localized interests decided at home weighs in favor of transfer. The key events occurred in the Northern District of Illinois, and the parties to the merger and their senior employees are located there. The special shareholder meeting to vote on the proposed merger will also take place in the Northern District of Illinois. *See Who Dat?*, 2010 WL 3023522, at *3 (ordering transfer where action presented "more numerous and meaningful contacts" with transferee district, indicating that transferee district has greater interest). By contrast, Louisiana's interest is limited, and Plaintiff does not claim any connection to Louisiana in his Complaint. This Action does not involve any disputes of local interest or any issues of Louisiana law.

        *Third*, because the Action involves exclusively federal law claims, the third and fourth factors—familiarity of the forum with the relevant law and conflicts of laws concerns—are neutral.

        The private and public interest factors weigh in favor of transfer.

## CONCLUSION

For all the foregoing reasons, the Akorn Defendants respectfully request that this Court transfer the Action to the Northern District of Illinois.

Respectfully submitted this 21st day of June, 2017.

/s/ Alexander N. Breckinridge, V
Robert B. Bieck, Jr. (La. Bar #03 066)
Alexander N. Breckinridge, V (La. Bar #36 155)
JONES WALKER LLP
201 St. Charles Avenue, Suite 5100
New Orleans, Louisiana 70170
T: (504) 582-8202
F: (504) 589-8202
E: abreckinridge@joneswalker.com

and

Robert H. Baron (New York Bar No. 1809615)
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
T: (212) 474-1000
F: (212) 474-3700
E: rbaron@cravath.com
(*Pro Hac Vice* pending)

*Attorneys for Defendants John N. Kapoor, Kenneth S. Abramowitz, Adrienne L. Graves, Ronald M. Johnson, Steven J. Meyer, Terry A. Rappuhn, Brian Tambi and Alan Weinstein*

12

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2017, I electronically filed the foregoing via the CM/ECF system which will automatically send e-mail notification of such filing upon all parties to this matter.


*/s/ Alexander N. Breckinridge, V*

Alexander N. Breckinridge, V