No *Shepard's* Signal™
As of: June 11, 2019 8:40 PM Z

# Franchi v. Bay Bancorp, Inc.

United States District Court for the District of Maryland

October 25, 2018, Decided; October 25, 2018, Filed

Civil Action No. GLR-17-3699

**Reporter**
2018 U.S. Dist. LEXIS 225962 *; 2018 WL 8415675

MEMORANDUM TO COUNSEL RE: Adam Franchi v. Bay Bancorp, Inc., et al.

## Core Terms

attorney's fees, Proxy, award of attorney's fees, Expenses, the Exchange Act, putative class, shareholders, securities, monetary, applies, damages, false and misleading, of the Exchange Act, supplemental, disclosures, provisions, reasons, merger, mooted

**Counsel:** [*1] For Adam Franchi, Plaintiff: Thomas Joseph Minton, LEAD ATTORNEY, Goldman and Minton PC, Baltimore, MD USA.

For Bay Bancorp, Inc., Eric D. Hovde, Pierre Abushacra, Robert J. Aumiller, Steven K. Breeden, Mark M. Caplan, Harold I. Hackerman, Steven D. Hovde, Charles L. Maskell, Jr., Joseph J. Thomas, Defendants: Jerrold A Thrope, LEAD ATTORNEY, Gordon Feinblatt LLC, Baltimore, MD USA.

For Old Line Bancshares, Inc., Defendant: M Hamilton Whitman, Jr, LEAD ATTORNEY, BAKER DONELSON, Baltimore, MD USA; Kristine L Roberts, R Mark Glover, PRO HAC VICE, Baker Donelson Bearman Caldwell and Berkowitz PC, Memphis, TN USA.

**Judges:** George L. Russell, III, United States District Judge.

**Opinion by:** George L. Russell, III

## Opinion

Dear Counsel:

Pending before the Court is Plaintiff Adam Franchi's Motion for an Award of Attorney's Fees and Expenses (ECF No. 21). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will deny the Motion.

Defendant Bay Bancorp, Inc. ("Bay") is a savings and loan company headquartered in Columbia, Maryland. (Compl. ¶ 27, ECF No. 1).[1] On July 8, 2016, Bay merged with Hopkins Bancorp, Inc. ("Hopkins"). (Id. ¶ 28). On September 27, 2017, [*2] Defendants[2] caused Bay to enter into a merger agreement with Old Line Bancshares, Inc. ("Old Line"). (Id. ¶ 32). On November 21, 2017, Defendants filed an initial proxy (the "Initial Proxy"), with the Securities Exchange Commission ("SEC"), as required for the merger. (Compl. ¶ 3; Pl.'s Mot. Att'y's Fees ["Pl.'s Mot."] at 3, ECF No. 21). Franchi, along with other Bay shareholders, believed that the Initial Proxy omitted material information and, as a result, was false and misleading. (Compl. ¶ 34).

On December 14, 2017, Franchi, on behalf of a shareholder class, filed a Complaint for Violation of the Securities Exchange Act of 1934 ("Exchange Act"). (ECF No. 1). The two-count complaint alleges that Defendants violated §§ 14(a) and 20(a) of the Exchange Act by disseminating false and misleading information in the Initial Proxy. (Compl. ¶¶ 8-70). After Franchi filed the Complaint, Defendants filed a Final Proxy with the SEC, which included supplemental disclosures that essentially mooted Franchi's claims. (Mot. at 3). As a result, Franchi agreed to voluntarily dismiss this action and to seek only an award of attorney's fees. (Id. at 4). On March 29, 2018, the Court dismissed this case but retained jurisdiction [*3] over Franchi's expected application for attorney's fees. (Stip. & Order Dismiss, ECF No. 15). On June 21, 2018, Franchi filed a Motion

---

[1] The facts outlined here, unless otherwise noted, are taken from the Complaint and Franchi's Motion.

[2] Defendants include Bay, Erin D. Hovde, Pierre Abushacra, Robert J. Aumiller, Steven K. Breeden, Mark M. Caplan, Harold I. Hackerman, Steven D. Hovde, Charles L. Maskell, Jr., Joseph J. Thomas, and Old Line.

for an Award of Attorney's Fees and Expenses. (ECF No. 21). Bay and the individual defendants filed an Opposition on July 5, 2018. (ECF No. 22). The same day, Old Line also filed its Opposition. (ECF No. 23). Franchi filed his Reply on July 19, 2018. (ECF No. 24).

Franchi, on behalf of the putative class of shareholders, argues that the class is entitled to reasonable attorney's fees for the work provided prior to the dismissal of the case. Defendants counter that the Private Securities Litigation Reform Act of 1995 (the "PSLRA") applies to Franchi's claims and bars recovery of attorney's fees if plaintiffs have not been paid any damages. The Court agrees with Defendants.

Congress enacted the PSLRA to limit the exposure of corporations to securities transaction litigation. 15 U.S.C. § 78u-4 (2018). The PSLRA states that "[t]he provisions of this subsection shall apply in each private right of action arising under this chapter that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." § 78u-4(a)(1). The PSLRA applies to all claims brought as a [*4] class under the Exchange Act. See Alaska Laborers Emp'rs Ret. Fund v. Mays Clear Channel Commc'ns, Inc., No. SA-07-CA-0042-RF, 2007 WL 9710527, at *3 (W.D.Tex. Feb. 14, 2007) (applying PSLRA provisions to pending actions arising under §§ 14(a) and 20(a) of the Exchange Act).

Section 78u-4(a)(6) of the PSLRA provides that the total amount of attorney's fees and expenses a court may award to a plaintiff's counsel "shall not exceed a reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class." Id. (emphasis added). Courts have interpreted this language to mean that when a plaintiff obtains no damages in a securities action, plaintiff's counsel is not entitled to attorney's fees. See Mostaed v. Crawford, Nos. 3:11-cv-0079-JAG; 3:11-cv-00082-JAG, 2012 U.S. Dist. LEXIS 128679, 2012 WL 3947978, at *7 (E.D.Va. Sept. 10, 2012) (quoting § 78u-4(a)(6)) ("[P]laintiffs must be denied attorneys' fees because the [PSLRA] amended the [Exchange Act] to prevent the award of attorneys' fees except where counsel's efforts have led to monetary relief that is 'actually paid to the class of claimants.'"); see also In re Microstrategy, Inc., 172 F.Supp.2d 778, 784-85 (E.D.Va 2001) (holding that § 78u-4(a)(6) applies to claims brought under the Exchange Act and acts as a "limitation on the fees and expenses awarded by a court").

Here, Franchi filed his Complaint under the Exchange Act. Franchi voluntarily dismissed his claims after [*5] Defendants filed a Final Proxy with supplemental disclosures, which essentially mooted Franchi's claims. As a result, no monetary benefit was paid to Franchi or the putative class. Thus, the Court concludes that Franchi and the putative class are not entitled to an award of attorney's fees. See Mostaed, 2012 U.S. Dist. LEXIS 128679, 2012 WL 3947978, at *7 (holding "federal law clearly precludes" attorney's fees when plaintiffs have not received a monetary judgment). Accordingly, the Court will deny Franchi's Motion.

For the foregoing reasons, Franchi's Motion for an Award of Attorney's Fees and Expenses (ECF No. 21) is DENIED. Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/ George L. Russell, III

United States District Judge

End of Document

Frank Bednarz